UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEWMARKET PHARMACEUTICALS, LLC,

                            Plaintiff,

vs.

VETPHARM, INC.,

                            Defendant.

_____

**DECISION AND ORDER**

19-CV-6405 (CJS)

## INTRODUCTION

This matter is before the Court on Defendant VetPharm, Inc.'s ("VetPharm") motion to stay these proceedings under Rule 41(d) of the Federal Rules of Civil Procedure until Plaintiff NewMarket Pharmaceuticals, LLC ("NewMarket") pays VetPharm's costs from an action previously filed in the Western District of Missouri.[1] Mot., Sept. 30, 2019, ECF No. 10. After reviewing both parties' briefs on the issues, and hearing oral argument, the Court denies VetPharm's motion to stay [ECF No. 10].

## BACKGROUND

NewMarket is a provider of "veterinary pharmaceutical products to improve animals' health and quality of life." Compl., ¶ 1, May 30, 2019, ECF No. 1. VetPharm is a contract research organization that provides clinical trial support services to

_____

[1] The Court notes that, in the alternative, VetPharm also moves the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Mot., ECF No. 10. The Court reserves on VetPharm's motion to dismiss pending resolution of Plaintiff's motion to amend its complaint. *See* Mot. to Amend/Correct Compl., Feb. 26, 2020, ECF No. 24.

pharmaceutical companies that develop new animal health products. *Id*. at ¶ 2. VetBridge Product Development Subsidiary 1 (NM-OMP), LLC ("Investor"), a non-party to this action, is a distributor that contracted with NewMarket to fund the necessary research and applications for government approval in exchange for exclusive rights to distribute a new animal health product NewMarket had in development. *Id*. at ¶ 17. On June 27, 2014, NewMarket contracted with Investor to fund the development of NewMarket's product for "a projected grand total of $4 million dollars." *Id*. at ¶ 16, 19.

On December 22, 2014, NewMarket contracted with VetPharm to monitor the clinical trials required to obtain government approval for NewMarket's product. *Id*. at ¶ 23. By March 2016, development costs for NewMarket's product – including the clinical trials monitored by VetPharm – had exceeded NewMarket's original budget by approximately $806,000, and NewMarket sought additional funding from Investor. *Id*. at ¶ 31—33. Soon thereafter, a "revised amendment" to the NewMarket-Investor agreement was drafted, and a capital call was issued to Investor's members to cover the additional $806,000. *Id*. at ¶ 32—33.

On March 15, 2016, VetPharm attempted to communicate with several individuals it believed to be associated with Investor. *Id*. at ¶ 38. On March 22, 2016, NewMarket denied Investor permission to speak with VetPharm. *Id*. at ¶ 39—40. As of the date NewMarket filed its complaint in this Court, Investor had declined to provide any further funding to NewMarket. *Id*. at ¶ 41—42. NewMarket alleges that

Investor declined to provide additional funding to NewMarket on the basis of information Investor received from VetPharm regarding aspects related to the contract between VetPharm and NewMarket, "including providing characterizations of the confidential clinical trial data." *Id*. at ¶ 44.

The present litigation has been preceded by at least two other pieces of litigation between the parties, and one arbitration.  First, the parties have been litigating a contract dispute in the United States District Court for the District of New Jersey since 2017 ("NJ Action").  *Id*. at ¶ 4.  The district court in the NJ Action stayed the litigation while ordering the parties to arbitration per the terms of their contract. Tr., Mot. Hr'g ("Hr'g Tr."), 4: 7–17, Jan. 8, 2020, ECF No. 35.

In addition, the parties were engaged in litigation in the United States District Court for the Western District of Missouri after Investor sued NewMarket, and NewMarket sued VetPharm as a third-party defendant ("Missouri Action").  *Id*. at ¶ 16.  Investor and NewMarket signed a stipulation of dismissal with prejudice on May 30, 2019.  That same day, NewMarket filed the complaint presently before this Court, which alleges several causes of action: tortious interference with contract, tortious interference with business relationship, injurious falsehood, fraudulent misrepresentation, negligent misrepresentation, breach of confidence, negligence, and prima facie tort.  Compl., ECF No. 1.  On June 4, 2019, NewMarket filed a notice of voluntary dismissal without prejudice of its suit against VetPharm in the Missouri Action.  Compl. at ¶¶ 4, 16.

VetPharm now asks this Court to stay the proceedings in this case under Rule 41(d) of the Federal Rules of Civil Procedure until NewMarket has paid VetPharm's costs in the Missouri Action.

DISCUSSION

Rule 41(d) of the Federal Rules of Civil Procedure reads:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

Thus, "where a plaintiff ... voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs." *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (internal citation omitted).

The purpose of the rule is to deter forum shopping and vexatious litigation. *Thompson v. Spin the Planet, Inc.*, No. 18-CV-6755 CJS, 2019 WL 591705, at *3 (W.D.N.Y. Feb. 12, 2019) (citing *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23 (2d Cir. 2018)). "There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover

costs . . . On the other hand . . . we may take into consideration plaintiffs' motive in dismissing the prior action." *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) (internal citations omitted).  Awarding costs and attorneys' fees under Rule 41(d) is "completely discretionary." *Adams*, 630 F. Supp. 2d at 344 (quoting 9 Wright & Miller, *Federal Practice & Procedure: Civil 3d § 2375*).

In the present case, the Court finds that NewMarket's claims against VetPharm in the Missouri Action was "based on or including the same claim[s] against" VetPharm in the present action.  *See, e.g.,* Hr'g Tr. at 11;13-19 ("[NewMarket] ultimately settled with [Investors] . . . [s]o we voluntarily dismissed [our claims against VetPharm in the Missouri Action] pursuant to settlement and then we, we refiled in the Western District of New York which is the jurisdiction that they alleged that they would like to have and that's why we're here now.")

However, VetPharm has failed to persuade the Court that the imposition of costs and attorney fees from the Missouri Action would serve the interests of Rule 41(d).  VetPharm argues that costs are appropriate under Rule 41(d) because the instant action is based on the same set of facts as the Missouri Action, and because the instant litigation is part of NewMarket's "scorched earth" legal strategy to torment VetPharm and cause financial harm by forcing exorbitant legal fees.  Def. Mem. of Law, 1, Sept. 30, 2019, ECF No. 10-1.  NewMarket, on the other hand, argues that costs are not appropriate under Rule 41(d) because it had good cause for dismissing the Missouri Action.  Specifically, NewMarket points to VetPharm's

resistance to NewMarket's attempts to consolidate the Missouri Action with the NJ Action; VetPharm's continued insistence that the Western District of Missouri had no personal jurisdiction over VetPharm; and the convenience of both parties, given VetPharm's location in the Western District of New York.  Hr'g Tr. at 9:1–13:21.

CONCLUSION

After a thorough review of the record, the Court finds that imposition of costs and attorney fees from the Missouri Action would not serve the interests of Rule 41(d). Accordingly, VetPharm's motion to stay [ECF No. 10] is denied.

SO ORDERED.

Dated:      April 30, 2020
            Rochester, New York

                                        CHARLES J. SIRAGUSA
                                        United States District Judge