UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEWMARKET PHARMACEUTICALS, LLC,

                            Plaintiff,                       DECISION AND ORDER

vs.

                                                         19-CV-6405 (CJS)

VETPHARM, INC.,

                           Defendant.
_____

## INTRODUCTION

This matter is before the Court on two motions from Defendant VetPharm, Inc. ("VetPharm").[1] VetPharm has filed a "Motion for Leave to File Final Arbitration Award, issued January 21, 2020, Under Seal," that is opposed by Plaintiff NewMarket Pharmaceuticals, LLC ("NewMarket") Mot. to Seal, Feb. 14, 2020, ECF No. 19. In addition, in its opposition to NewMarket's motion for leave to amend its complaint, VetPharm has renewed its motion to file the arbitration award, as well as two additional documents, under seal. Mot. to Seal, Mar. 11, 2020, ECF No. 31. For the reasons stated below, VetPharm's motions to seal [ECF No. 19 and No. 31] are granted pursuant to the conditions of the Court.

## BACKGROUND

The reader is presumed to be familiar with the facts of this case, as the Court has already recounted the history in a previous decision. Dec. and Order, 2–4, Apr.

---

[1] Two other motions remain pending at this time: VetPharm's motion to dismiss NewMarket's original complaint, and NewMarket's motion for leave to amend its complaint. Mot. to Dismiss, Sept. 30, 2019, ECF No. 10; Mot. to Amend/Correct Compl., Feb. 26, 2020, ECF No. 24. The Court cannot rule on these motions until VetPharm's motions to seal have been addressed and the redacted documents submitted.

30, 2020, ECF No. 37. NewMarket is a provider of "veterinary pharmaceutical products to improve animals' health and quality of life;" VetPharm is a contract research organization that contracted with NewMarket to conduct the requisite clinical trials so that NewMarket could obtain government approval of its new pharmaceutical product; VetBridge Product Development Subsidiary 1 (NM-OMP), LLC ("Investor"), a non-party to this action, is a distributor that contracted with NewMarket to fund the necessary research and applications for government approval in exchange for exclusive rights to distribute NewMarket's new pharmaceutical product. Compl., ¶ 1–2, ¶ 17, May 30, 2019, ECF No. 1.

As the Court noted in its prior decision, there is a long history of litigation that preceded the filing of NewMarket's complaint in this Court:

> The present litigation has been preceded by at least two other pieces of litigation between the parties, and one arbitration. First, the parties have been litigating a contract dispute in the United States District Court for the District of New Jersey since 2017 ("NJ Action"). The district court in the NJ Action stayed the litigation while ordering the parties to arbitration per the terms of their contract.
>
> In addition, the parties were engaged in litigation in the United States District Court for the Western District of Missouri after Investor sued NewMarket, and NewMarket sued VetPharm as a third-party defendant ("Missouri Action"). Investor and NewMarket signed a stipulation of dismissal with prejudice on May 30, 2019 . . . . On June 4, 2019, NewMarket filed a notice of voluntary dismissal without prejudice of its suit against VetPharm in the Missouri Action.

Dec. and Order, ECF No. 37 at 3–4 (internal citations to the record omitted).

At the same time as it signed a stipulation of dismissal with Investor in the Missouri action, NewMarket filed a complaint in this Court alleging several causes

of action under Missouri law: tortious interference with contract, tortious interference with business relationship, injurious falsehood, fraudulent misrepresentation, negligent misrepresentation, breach of confidence, negligence, and prima facie tort. Compl., May 30, 2019, ECF No. 1. In response, VetPharm filed a motion to dismiss or, in the alternative, to stay the proceedings in this case under Rule 41(d) of the Federal Rules of Civil Procedure until NewMarket has paid VetPharm's costs in the Missouri Action.

At oral argument before the Court on January 8, 2020, NewMarket withdrew its claims for injurious falsehood, breach of confidence, and prima facia tort. Transcript, 28:18–20, Apr. 8, 2020, ECF No. 35. Nevertheless, the parties disagreed as to, among other things, whether NewMarket's claims were precluded by the arbitration agreement, and the choice of law between New York and Missouri law. Hence, the Court reserved a ruling on the motions until after a decision was rendered in the arbitration case, and provided NewMarket with the opportunity to submit a supplemental memorandum to the Court addressing its claims under New York law. *Id.* The Court later denied VetPharm's motion to stay under Rule 41(d), but it again reserved on VetPharm's motion to dismiss. *See* Dec. and Order, Apr. 30, 2020, ECF No. 37.

In January of 2020, the arbitrator issued the decision and award in the contract dispute between NewMarket and VetPharm. Thereafter, VetPharm filed a motion to seal the arbitration award, which was opposed by VetPharm. Mot. to Seal,

3

ECF No. 19.

On February 26, 2020, NewMarket submitted a letter to the Court stating that "In an effort to move this case forward and in lieu of additional briefing on the choice of law issue, NewMarket has chosen to file a motion for leave to amend its complaint limiting the complaint to three causes of action. NewMarket pleads those claims under New York law." Letter, Feb. 26, 2020, ECF No. 23. Specifically, in its proposed amended complaint, NewMarket alleges tortious interference with contract, tortious interference with business relationship, and breach of duties as agent. Pla. Mem. of Law, 4, Feb. 26, 2020, ECF No. 24-1. In response, VetPharm argues both that NewMarket's amended complaint is futile because it fails to state a claim for relief, and that NewMarket's claims are precluded by the arbitration award. Def. Mem. of Law, ECF No. 30. To support its response, VetPharm attached a number of documents, three of which it seeks to file under seal: (1) the NewMarket-VetPharm contract, (2) the NewMarket-Investor contract, and (3) the arbitration award. A motion hearing on VetPharm's motions to seal, and on NewMarket's motion for leave to amend the complaint, was held via videoconference on August 20, 2020.

## VETPHARM'S MOTIONS TO SEAL

At the outset, the Court notes that it has already granted a separate motion by NewMarket to file the NewMarket-Investor contract with narrowly-tailored redactions. Order, Apr. 28, 2020, ECF No. 36. Therefore, the present order need only address the arbitration award, and the NewMarket-VetPharm contract.

4

The legal principles applicable to a motion to seal are well-settled in this Circuit:

> The common law right of public access to judicial documents is firmly rooted in our nation's history . . . [and] is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice . . . .
>
> Once the court has determined that the documents are judicial documents and that therefore a common law presumption of [public] access attaches, it must determine the weight of that presumption. The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts . . . .
>
> Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it . . . .
>
> In addition to the common law right of access, it is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.
>
> . . . . A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

*Montgomery v. Cuomo*, No. 14-CV-6709 CJS, 2018 WL 1156842, at *4–5 (W.D.N.Y. Mar. 5, 2018) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citations, footnotes and internal quotation marks omitted)).

After reviewing the arguments in the papers and at the motion hearing, the Court finds that the NewMarket-Vetpharm contract and the arbitration award are judicial documents, and hence that the qualified right of access attaches. Therefore,

as was indicated at the motion hearing on August 20, 2020, the parties are directed to confer to come to an agreement on narrowly tailored redactions to the documents that would protect their privacy interests.  Accordingly, VetPharm's motions to seal [ECF No. 19 and No. 31] are granted to the extent that the parties agree upon and submit, and the Court approves, narrowly tailored redactions to the documents in question.

SO ORDERED.

Dated: September 17, 2020
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge